## SCOTT et al. v. MOST WORSHIPFUL GRAND LODGE OF FREE, ANCIENT & ACCEPTED MASONS et al.

Court of Appeals of District of Columbia.

Submitted December 7, 1927. Decided January 9, 1928.

No. 4580.

1. **Corporations ⬩614(4)—Bill against lodge, alleging difference of opinion in management, held not to state grounds for statutory dissolution of corporation.**

Bill against lodge, which had borrowed money, alleging difference of opinion as to management of lodge, but containing no averment of insolvency, or that unharmonious proceedings were in violation of law or governing regulations of lodge, and not charging any of defendants with waste or fraud, *held* not to state grounds for statutory dissolution of corporation.

2. **Corporations ⬩621(1)—Bill against incorporated lodge, which had borrowed money, not alleging insolvency, nor charging defendants with waste or fraud, held not to state grounds for appointment of receiver.**

Bill against lodge, which had borrowed money, alleging difference of opinion as to management of incorporated lodge, but containing no averment of insolvency, or that unharmonious proceedings were in violation of law or governing regulations of lodge, and not charging any of defendants with waste or fraud, *held* not to state grounds for appointment of receiver for its property.

3. **Corporations ⬩614(4)—Bill alleging loan to incorporated lodge and receipt of certain certificates for money loaned held not to show indebtedness authorizing present relief.**

Bill against incorporated lodge, alleging that lodge had borrowed money and that amounts of loans were due, but also alleging agreement for issuance of certain certificates or shares in corporation issued for money loaned, without disclosing terms or conditions of certificates, *held* not to show any indebtedness to plaintiffs from lodge, entitling them to present relief.

4. **Pleading ⬩8(5)—Averments that sums advanced are due and owing held conclusions of law, which must be sustained by averments of facts.**

In bill against lodge, to show indebtedness due to plaintiffs from lodge, averment that sums advanced by plaintiffs were due and owing, standing alone, *held* mere conclusions of law, which must be sustained by necessary averments of facts.

Appeal from Supreme Court of the District of Columbia.

Suit by Henry C. Scott and others against the Most Worshipful Grand Lodge of Free, Ancient and Accepted Masons and others. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

A. L. Sinclair and W. M. Lewin, both of Washington, D. C., for appellants.

B. L. Gaskins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, as plaintiffs below, filed an amended bill of complaint, alleging in substance that the Masonic lodge, sued herein, is a corporation organized under the laws of the District of Columbia, but having no capital stock; that on June 12, 1919, the lodge purchased certain described real estate situate within the District, and in order to secure funds to pay for the property the lodge borrowed from one of the defendants the sum of $7,000, for which it executed its promissory note, payable three years after date, and gave a deed

of trust to the creditor as security therefor; that at and about the same time the plaintiffs and certain of the defendants also loaned to the lodge divers sums of money for the purchase, equipment, and maintenance of the real estate aforesaid; that the officers and agents of the lodge, in order to induce the plaintiffs and their associates to lend the money to the lodge, and "to give them an interest in and lien upon the said property for their security and protection," promised and agreed to issue and deliver to them, respectively, certain certificates of shares in the corporation, each to be of the "par value" of $25, or $100, and that such certificates were accordingly issued and delivered to them; that the money thus loaned by the plaintiffs to the lodge is still due and unpaid; that as a condition to these loans it was mutually understood and agreed that the lodge should be conducted harmoniously, in a spirit of fraternity and amity, and to the mutual satisfaction of the parties, which condition was not complied with, but, on the contrary, was and still is wholly disregarded and violated by the lodge, and by its officers and agents; that the lodge is now negotiating a loan of $10,000 on the aforesaid real estate, which is excessive, but plaintiffs have been and are excluded from any participation in the transaction; that the creditor who is the owner and holder of the $7,000 note aforesaid has signified his intention of enforcing payment of the note, which is now overdue.

The plaintiffs pray that the lodge be required to disclose the amount of its assets and indebtedness; that "equitable liens upon the said real estate may be established and declared in favor of the holders of the respective shares of said corporation"; that, in event of the foreclosure of the deed of trust aforesaid, the balance remaining after the payment thereof, and of the other debts of the lodge, may be distributed among the shareholders in accordance with their proportionate interests; that a receiver may be appointed to take charge of the real estate, or the residue of the proceeds of any sale thereof; and for general relief.

The defendant lodge moved the court to dismiss the foregoing amended bill of complaint, upon the ground that it failed to show a cause of action against the lodge, either at law or in equity. The motion was sustained by the lower court, and the bill was dismissed. This appeal was then taken.

[1, 2] We are of the opinion that the ruling of the lower court was right. The bill of complaint alleges that differences of opinion have arisen between the plaintiffs and certain of the defendants concerning the management of the lodge, but it contains no averment that the lodge is insolvent, or that the proceedings complained of as inharmonious, and lacking in the spirit of fraternity and amity, are in violation of law or of the governing regulations of the lodge; nor does the bill charge the lodge, or any of the defendants, with waste or with fraud. It is therefore clear that the bill does not state grounds for a statutory dissolution of the corporation, nor for the appointment of a receiver for its property.

[3, 4] This leaves for consideration only the alleged indebtedness of the lodge to the plaintiffs and their associates, and their claim of an equitable lien upon the real estate of the lodge. It is stated in the bill that the sums of money advanced by these parties to the lodge were intended as a loan, and that the amounts thereof are now due and owing to them from the lodge. The plaintiffs, however, state in the bill that it was the agreement that certain "certificates of shares in said corporation" should be issued to them for the money thus loaned, and that such shares were in fact issued and delivered to them accordingly. The bill, however, does not disclose the terms or conditions of the certificates of shares thus referred to, nor does it disclose whether the lodge therein or thereby promised to repay the sums thus advanced, or, if so, the terms and conditions of such repayment. It is true that the plaintiffs aver in the bill that the sums so advanced are due and owing to them from the lodge, but these statements, standing alone, are mere conclusions of law, and are not sustained by necessary averments of facts. It follows that the bill fails to show any indebtedness due to plaintiffs from the lodge, such as would entitle them to present relief.

The decree entered below is accordingly affirmed, with costs.